D. M. STEELE & COMPANY, Appellants, v. A. E. WATSON, Appellee.

1. **Sale:** AGENCY: EVIDENCE. At the time of a sale of merchandise by the plaintiff to N., the defendant was employed by N. as salesman and bookkeeper, but ordered no goods. While so employed, a portion of N.'s stock, not including the goods in controversy, was turned over to the defendant in satisfaction of a mortgage held by him, and N. left the state with the balance. During the defendant's employment goods were shipped to N. as agent, but the defendant testified that N. was not his agent, and that he never gave him any authority to act for him, and it appeared that the plaintiffs did not rely in said sale upon any apparent or supposed agency of N. for the defendant. *Held*, that the evidence failed to show that said merchandise was purchased for the defendant, and with his knowledge and consent.

2. ———: ———: ———. The defendant having written to the plaintiffs concerning a business conducted by himself, in relation to which he used the pronouns "we" and "our," and indicating a disposition to purchase goods of the plaintiffs if this action was dismissed, *held,* not admissible for ·the purpose of showing that a business relation existed between the defendant and N. at the time of the sale in question.

3. Practice: INSTRUCTIONS TO JURY. The refusal to give instructions asked to the jury, though they present correct propositions of law which are applicable to the case, is not a ground for complaint upon appeal where the substance of such instructions is embodied in the charge of the court.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, OCTOBER 25, 1892.

ACTION to recover the value of merchandise alleged to have been sold and delivered by plaintiffs to the defendant. There was a trial by jury, and a verdict and judgment in favor of the defendant. The plaintiffs appeal.—*Affirmed.*

*S. H. Cochran, C. Waitley* and *C. B. Keller,* for appellants.

*Joe H. & L. P. Smith,* for appellee.

ROBINSON, C. J.—I. The plaintiffs claim that they sold and delivered to C. H. Noyles certain merchandise

1. SALE: agency: evidence.

for the agreed price of two hundred and seven dollars and seventy-three cents; that when it was sold and delivered they were not informed and did not know for whom it was purchased, but have since discovered that it was so purchased for the defendant; that it was purchased by Noyes with the knowledge, consent, and approval, and for the benefit, of the defendant; and that he has disposed of it for his own benefit. Judgment against him for the agreed price, with interest and costs, is demanded. The answer of the defendant is, in effect, a general denial.

The evidence tends to show the material facts to be as follows: C. H. Noyes was engaged in the business of keeping and retailing merchandise at Little Sioux during a period of time not shown, but which included that from June, 1889, to March 27, 1890. The plaintiffs sold to him in December, 1889, and in the first part of the year 1890, the merchandise in controversy. In June, 1889, the defendant entered the employment of Noyes as clerk. At about that time he purchased three mortgages, which had been given by Noyes on his stock of merchandise, and recorded, amounting in the aggregate to about six hundred and forty dollars. One of the mortgages he purchased of the plaintiffs. His object in continuing in the service of Noyes so long as he did was, in part, to see that his security was not diminished. He sold merchandise and kept books, but all for and under the direction of Noyes. During that time he ordered no goods. On the twenty-seventh day of March, 1890, merchandise from the mortgaged stock was turned over to him, sufficient in amount to satisfy his mortgages, but none of that so turned over included any part of the merchandise in controversy. After that was done, Noyes left the state with the remainder of his stock. While the defendant was in the employment of Noyes, merchandise was ordered and shipped to the latter as "C. H. Noyes, Agent." It is contended by the appellants that he was the agent of the defendant, but the evidence shows that he was not, and that, although he sold the goods, his possession and control were only those of a clerk. He testifies that Noyes was not his agent, but was the agent of the plaintiffs, and that he never gave Noyes any authority to act for him, nor orders in regard to keeping up the stock. The plaintiffs did not rely upon any apparent or supposed agency of Noyes for the defendant in selling the merchandise in question. He received neither the merchandise nor

the proceeds of its sale, and no fact is shown which would make him liable for its price. He acted in good faith, for the protection of his own interest, and misled no one.

II. The appellants complain of the refusal of the district court to admit in evidence a letter in words as follows:

"LITTLE SIOUX, IOWA, 10–3–1890.
"*D. M. Steele & Co.*,

"GENTS:—If you withdraw the suit against me, I would like to hear as soon as convenient for me. Am in need of goods, and should like to buy from your house, as you always have nearly everything we order. Our trade is not so big, but a strictly cash trade, of usually from three hundred dollars to one thousand dollars a month. Mr. Smith, please let me hear from you on this matter. Hoping you will stop the suit, I remain your friend and wellwisher.

"A. E. WATSON."

It appears that, after his settlement with Noyes, he went into business on his own account, and the letter refers to the business he was then conducting. It was written long after the sale of the merchandise in question, and his use of the plural pronoun "we," and the possessive pronoun "our," has no tendency whatever to show that a business relation existed between himself and Noyes when the merchandise in question was sold, and certainly it does not tend to show that he was liable for its price. The letter appears to have been written to induce a withdrawal of the suit by raising hopes of future orders, and was wholly immaterial.

III. Appellants complain of the refusal of the court to give certain instructions which they asked.

3: PRACTICE: instructions to jury. So far as they were correct and applicable to the facts in the case, they were substantially included in the charge given to the

jury. We discover no ground for disturbing the judgment of the district court. It is therefore AFFIRMED.